# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**UNITED STATES OF AMERICA**

v.

**SHI-YOUNG LAMAR SHARPER,**

    Defendant.

Case No. 7:23-CR-36 (HL)

# ORDER

Before the Court is Defendant Shi-Young Lamar Sharper's Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29(c). (Doc. 41). For the following reasons, Defendant's motion is **DENIED**.

A grand jury in this district returned a single count indictment on April 11, 2023, charging Defendant with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant entered a plea of not guilty on May 30, 2023. The case proceeded to trial on July 26, 2023.

At the conclusion of the Government's presentation of the evidence, Defendant moved for a directed verdict pursuant to Federal Rule of Criminal Procedure 29(a). Defendant argued he was entitled to a directed verdict as the Government failed to produce evidence or expert testimony of the Nation's historical tradition of firearm regulation in violation of <u>New York State Rifle & Pistol Ass'n, Inc. v. Bruen</u>, 142 S. Ct. 2111 (2022). The Court denied Defendant's

motion. The jury found Defendant guilty of the crime charged in the indictment. Defendant now renews his motion for judgment of acquittal.

Defendant argues he is entitled to relief under Rule 29 because the Government failed to demonstrate at trial that § 922(g)(1), which criminalizes possession of a firearm by a person who has previously been convicted of a felony offense, is consistent with the United States' historical tradition of firearm regulation as articulated in Bruen. Defendant suggests that Bruen creates an additional evidentiary standard the Government must meet in order to convict an individual charged under § 922(g)(1). To the contrary. Bruen sets forth how a court should analyze the constitutionality of any statute that purports to restrict an individual's right to bear arms under the Second Amendment. Defendant's challenge thus is not to the sufficiency of the evidence produced at trial but to the constitutionality of the crime charged in the indictment.[1] The Court accordingly interprets Defendant's motion as a motion to dismiss the indictment rather than a motion for judgment of acquittal.[2]

Federal Rule of Criminal Procedure allows a defendant to bring a pretrial motion challenging a defect in the indictment. Fed. R. Crim. P. 12(b)(3)(B). An indictment alleging a violation of an unconstitutional statute is defective and must be dismissed. See United States v. Hunter, 645 F. Supp. 3d 1247, 1249 (N.D.

---

[1] Defendant does not dispute that the Government presented evidence sufficient to establish each element of a § 922(g)(1) offense.
[2] The Court informed the parties its intention to construe Defendant's motion as a motion to dismiss rather than a motion for judgment of acquittal and provided the parties an opportunity to submit additional briefing on the matter of timeliness.

Ala. 2022) (citing United States v. Brown, 715 F. Supp. 2d 688, 689-90 (E.D. Va. 2010); The Civil Rights Cases, 109 U.S. 3, 8-9 (1883). A motion to dismiss a defective indictment must be raised through a pretrial motion "if the basis for the motion is then reasonably available." Fed. R. Crim. P. 12(b)(3). The court may establish deadlines for filing pretrial motions. Fed. R. Crim. P. 12(c)(1)-(2). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." Fed. R. Crim. P. 12(c)(3). However, the court may still consider the motion upon a showing of good cause. Id.

The grand jury returned the indictment charging Defendant with a violation of § 922(g)(1) on April 11, 2023. (Doc. 1). Defendant made his initial appearance and was arraigned on May 30, 2023. That same date, United States Magistrate Judge Thomas Q. Langstaff entered the Court's Standard Pretrial Order. (Doc. 13). That Order established that any pretrial motions must be filed at least fourteen (14) days prior to the pretrial conference. (Id. at p. 3). The Court held a pretrial conference in this case on June 21, 2023. Defendant did not raise any concern regarding the constitutionality of the indictment until July 26, 2023, following the close of the evidence at trial. Defendant's motion to dismiss the indictment therefore is not timely.

Rule 12(c)(3) permits the Court to consider an untimely motion to dismiss the indictment where there has been a showing of good cause. Defendant here offers no explanation for his delay in raising an issue that could, and should, have been raised pretrial. Defendant's argument concerning the constitutionality

of the statute of indictment relies on the Supreme Court's holding in <u>Bruen</u>, which was decided on June 23, 2022, nearly a year before the Government pursued an indictment against Defendant. The basis for Defendant's motion thus was available well in advance of the deadline established for filing pretrial motions.

Finding no good cause to overlook the untimeliness of Defendant's motion, the Court **DENIES** Defendant's motion to dismiss the indictment.

**SO ORDERED** this 3rd day of January, 2024.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks